**FIRST NAT. BANK OF WYOMING, PA., v. ALEXANDER.**

No. 6570.

Circuit Court of Appeals, Third Circuit.

Feb. 24, 1938.

Rehearing Denied April 20, 1938.

Andrew Hourigan and Max Rosenn, both of Wilkes-Barre, Pa., for appellant.

Nathan Hyman, Frank L. Pinola, and Joseph Flanagan, all of Wilkes-Barre, Pa., for appellee.

Before DAVIS and THOMPSON, Circuit Judges, and DICKINSON, District Judge.

THOMPSON, Circuit Judge.

This is an appeal from a decree of the District Court for the Middle District of Pennsylvania. Curl & Bennett, Inc., operated a silk throwing mill adapted to the throwing of shiffle, a novelty yarn. The Wyoming National Bank of Wilkes-Barre held a first mortgage on the machinery and building, a second lien judgment, and an unsecured claim. The First National Bank of Wyoming, Pennsylvania, the appellant, held a third lien judgment of $2,000 on which it issued execution. In February, 1934, upon the petition of the Wyoming National Bank of Wilkes-Barre, the appellee, cashier of the petitioning bank, was appointed receiver without compensation. The decree appointing the receiver directed that he continue the business for ninety days and report to the court at the end of this period. The

appellee operated the business at a loss during the ninety-day period and thereafter shut down the mill. In July, 1934, the appraised value of the assets of the insolvent corporation was $29,986.90. In June, 1936, the assets of the insolvent corporation were sold at public sale free of liens and were purchased by the Wyoming National Bank of Wilkes-Barre, the owner of the first mortgage, for $900. In November, 1936, the appellee filed his receiver's account, and in January, 1937, filed an amended account. Exceptions to the amended account were dismissed and the account was confirmed.

 The appellant's contention is that the appellee should be surcharged with $29,086.90, the difference between the appraised value of the assets and the price procured at the sale upon the ground that the loss occurred by reason of the receiver's failure to comply with the terms of the order of appointment and to act promptly in the winding up of the receivership. There can be no doubt that the appellee evidenced an indifference to his duties as receiver. We may also accept as authoritative the appellant's cited cases to the effect that where the receiver's negligence results in loss to the insolvent estate, he should be surcharged. The District Court, however, found that no loss was sustained by reason of the appellee's negligence. The evidence is that the machinery in the plant was designed to manufacture a novelty yarn. While there is some evidence that there was a market for shiffle machinery in 1934 and early in 1935, there is also evidence that the market for such machinery during 1934, 1935, and 1936 was consistently depressed. There is also evidence that the appellee tried to interest purchasers but could not obtain acceptable offers. The evidence is not inconsistent with a purpose on the part of the appellee to hold on in the hope that the market for the type of machinery owned by the insolvent corporation would return. In view of such evidence, we cannot sustain the appellant's contention that the learned District Judge abused his discretion in making the fact findings upon which he based his conclusion that the negligence of the appellee was not the cause of the loss to the estate in receivership.

The decree of the court below is affirmed.